UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ISREAL VELEZ,

                                        Plaintiff,

                -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTION; CORRECTION
OFFICER TSHAIVA KELLEY, SHIELD # 10438;
CORRECTION OFFICER JOHN DOE 1,

                                     Defendants.
------------------------------------------------------------------------- x

**STIPULATION AND ORDER OF CONFIDENTIALITY**

19 CV 1160 (PKC)

        **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants must disclose certain documents and information to Plaintiff;

        **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff may seek certain documents and information from Defendants pursuant to Plaintiff's discovery demands in this action;

        **WHEREAS,** Defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and all defendants that documents shall be produced in accordance with the terms set forth below:

1. As used herein, "Action" shall mean <u>Isreal Velez v. City of New York, et al.</u>, 19 CV 1160 (PKC) filed in the Southern District of New York.

2. As used herein, without waiving any objections Defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

    (A) New York City Department of Correction ("DOC") Use of Force ("UOF") File #3958/2016;

    (B) DOC employment/personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the DOC conducted by the DOC, the Investigation Division, or other agencies;

    (C) DOC training materials;

    (D) Any DOC documents produced as part of municipal liability discovery;

    (E) Any video taken with a DOC issued camera or by a member of DOC;

    (F) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by defendant City to the extent such information is within defendant City's possession;

    (G) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendants or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than the Defendants or (b) are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiff's counsel.

5. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party by request or pursuant to a subpoena in this Matter and that are designated as Confidential Materials by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. Defendants reserve the right to designate any document confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such documents to Plaintiff.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party,

and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

11. Plaintiff and/or plaintiff's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this Action, to those individuals described in subparagraphs (b) below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

12. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such

testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be confidential materials within the meaning of this Stipulation and Order of Confidentiality.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

14. Where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant City's use of its own Confidential Materials in any manner.

17. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation and Order of Confidentiality shall be binding upon all current and future parties to this Action and their counsel.

20. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party

seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

Dated: New York, New York
_____, 2019

DEVON M. WILT
*Attorney for Plaintiff*
Law Offices of Devon M. Wilt
160 Broadway, 4th Floor
New York, NY 10038

By: _____
DEVON M. WILT

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendants the City of New York, Correction Officer Tshaiva Kelley*
100 Church Street
New York, New York 10007

By: _____
NAKUL Y. SHAH
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

Dated: \_\_\_11/18\_\_\_, 2019

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality dated _____, 2019, entered in the Action entitled Isreal Velez v. City of New York, et al., 19 CV 1160 (PKC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                                        Signature

                                                               _____
                                                               Print Name

                                                               _____
                                                               Occupation